IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CV-74-FL

| | | |
|---|---|---|
| SIMONA SEABERRY BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LELAND DUDEK, Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (DE 17). Defendant has responded in opposition only as to the amount and plaintiff has replied. In this posture the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is granted, subject to the limitations set forth herein.

## BACKGROUND

Plaintiff commenced this action February 8, 2024, seeking judicial review of the denial of her claim for period of disability, disability insurance benefits, and supplemental security income. Plaintiff filed an opening brief, May 9, 2024, seeking remand on the basis that her Title XVI claim was never properly adjudicated according to agency procedures, and that the ALJ thus lacked jurisdiction to decide her Title XVI claim. Defendant filed July 17, 2024, a motion to remand the case for further administrative proceedings. This court entered an order and judgment granting the motion to remand July 19, 2024.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the court substitutes Leland Dudek, Acting Commissioner of Social Security, in place of Martin O'Malley, former Commissioner of Social Security, in the case caption.

Thereafter, plaintiff filed the instant motion seeking $6,815.00 in fees, and $405.00 in costs, based upon 29 hours of claimed professional time (at a $235.00 hourly rate). Plaintiff relies upon a fee agreement and statement of counsel setting forth 31.6 hours of professional time, noting that in an act of billing discretion plaintiff will seek EAJA fees for only 29 of the hours expended. Defendant responded in opposition, seeking a reduction of 12 hours to produce a reduced award of $3,995.00 in fees for 17 hours of professional time. Plaintiff replied in support of her fee request, and seeking an additional 1.2 hours for filing the reply, noting a further reduction in exercise of billing discretion from 2.4 hours, for a total EAJA fee award of $7,097.00 (30.2 hours at $235.00 hourly rate) plus costs in the amount of $405.00.

**COURT'S DISCUSSION**

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, defendant concedes that plaintiff was the prevailing party, that defendant's position in the underlying litigation was not substantially justified, and that plaintiff's petition is timely. Defendant also does not context the hourly rate sought by counsel, nor the categories of compensable time. However, defendant argues the numbers of hours for which plaintiff seeks compensation is excessive and warrants reduction.

"The district court is accorded 'substantial discretion in fixing the amount of an EAJA award,'" and "is charged with the duty to ensure that the final award is reasonable." Hyatt v.

2

Case 5:24-cv-00074-FL    Document 22    Filed 05/05/25    Page 2 of 6

Barnhart, 315 F.3d 239, 254 (4th Cir. 2002) (quoting Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Id. at 437. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id.

The "district court also should exclude from [a] fee calculation hours that were not reasonably expended." Id. at 434. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. Other relevant factors include the experience and skill of the attorneys, as well as the novelty and complexity of the issues presented, in comparison to other Social Security cases. See id.; Bunn v. Bowen, 637 F.Supp. 464, 469 (E.D.N.C.1986); see, e.g., Lewis v. Kijakazi, No. 7:21-CV-69-FL, 2022 WL 2128558, at *2 (E.D.N.C. May 26, 2022) (determining the number of hours claimed is "out of proportion to other cases of similar record size and complexity"). Likewise, the court must reduce compensable hours claimed if for paralegal tasks or clerical tasks normally performed by non-attorneys. See Hyatt, 315 F.3d at 255.

In addition, "[t]he extent of a plaintiff's success is an important factor to consider when determining the reasonableness of the fees requested." Id. at 254 (citing Hensley, 461 U.S. at 440). "Unsuccessful claims that are 'distinct in all respects' from the claims upon which the plaintiff has prevailed 'should be excluded in considering the amount of a reasonable fee.'" Id. (quoting Hensley, 461 U.S. at 440)). "Where a lawsuit consists of related claims, [and] . . . where the plaintiff achieved only limited success, the district court should award only that amount of fees

3

that is reasonable in relation to the results obtained." Hensley, 461 U.S. at 440. Moreover, "fairness and reasonableness dictate that the SSA may only be held liable for attorneys' fees and expenses fairly attributable to the unjustified positions taken by the SSA." Hyatt, 315 F.3d at 254. The court now turns to application of these principles and guidelines to the fees claimed by plaintiff.

Defendant argues that the number of compensable hours should be reduced because the amount of hours is not commensurate with the novelty and complexity of the issues involved, where plaintiff raised only one procedural issue that did not require a review of the medical evidence. Defendant suggests that 15 hours spent to review the administrative record is excessive and that no more than five hours is reasonable. Defendant also suggests that 2.5 hours to review boilerplate requests and documents is excessive and should be reduced to .5 hours. The court agrees with defendant only in part.

With respect to the time spent reviewing the record, the court agrees that 15 hours is excessive, but not to the extent defendant suggests. The record in this case was 557 pages. Where plaintiff claims 15 hours for review of the 557 page record, this equates to an average rate of review of .62 pages per minute. Defendant's suggestion of five hours for review of the same corresponds to approximately 1.86 pages per minute. In a recent EAJA fee case, the court considered average page per minute rates ranging from 1 to 2.5 pages per minute, and used 2.5 pages per minute as a benchmark where the record included many pages "in the form of tables, lists, and other figures, of often repetitive medical history, medications, and test results." Smith v. O'Malley, No. 5:23-CV-11-FL, 2024 WL 3933860, at *3 (E.D.N.C. Aug. 23, 2024).

Here, on the one hand, defendant has not sufficiently supported its suggestion that five hours should have sufficed for review of 557 pages of record. The court declines to adopt

defendant's contention that review time must be reduced because "229 pages were medical records that were not relevant to the single argument raised in Plaintiff's Brief relating to the failure to properly adjudicate the Title XVI claim." (Def's Opp. (DE 18) at 6). Plaintiff has articulated a reasonable basis for review of the whole record, where counsel did not represent plaintiff at the administrative level and counsel must review the whole record to identify all potential issues for remand. On the other hand, plaintiff has not justified 15 hours for review of the 557 page record, where plaintiff has not identified particular aspects of the record that required substantially slower than one page per minute on average for review. Instead, based on the nature of the record in this case, the court uses a one page per minute rate as a benchmark, and reduces the total reasonable time expended for review of the record to 9.3 hours, comprising a reduction of 5.7 hours from plaintiff's fee request.

The court disagrees with defendant's suggestion to reduce time spent on what it characterizes as "boilerplate requests and documents." (Def's Mem. (DE 18) at 6). Plaintiff has justified in reply the full amount of time spent on these tasks, where they include time spent consulting with the client and deliberating regarding the necessity of an extension and terms of a remand. (See Pl's Reply (DE 21) at 6-7).

In addition, the court declines to reduce plaintiff's fee award further based upon additional characterizations in defendant's opposition, including defendant's suggestion that plaintiff "did not raise any novel or complex issues" in her brief. (Def's Opp. (DE 18) at 4-5). Plaintiff has demonstrated that her argument raised in her brief was novel due to the lack of precedent addressing remand on the basis of Social Security HALLEX provisions at issue in this case. (See Pl's Reply (DE 21) at 3-4).

Finally, the court finds 1.2 hours of time preparing a detailed eight-page EAJA reply brief is reasonable and commensurate with the issues raised by defendant's response to the instant motion. The court also has taken into consideration that plaintiff's counsel exercised billing discretion in seeking less EAJA fees than documented on counsel's billing statement.

Accordingly, the court reduces plaintiff's claimed compensable hours in this case by 5.7 hours to 24.5 hours, resulting in an EAJA fee award of $5,757.50.

## CONCLUSION

Based on the foregoing, plaintiff's motion for attorney's fees under the EAJA (DE 17) is GRANTED, with the amount limited to the extent set forth herein. In particular, the court AWARDS plaintiff $5,757.50 in fees, plus $405.00 in costs, under the EAJA. Pursuant to <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt plaintiff may owe to the United States. Defendant will determine whether plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to plaintiff and mailed to plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that plaintiff does not owe a federal debt, defendant will exercise its discretion and honor an assignment of EAJA fees, and pay the awarded fees and costs directly to plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

SO ORDERED this 5th day of May, 2025.


LOUISE W. FLANAGAN
United States District Judge

6

Case 5:24-cv-00074-FL   Document 22   Filed 05/05/25   Page 6 of 6